IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-01332-MSK

CANDAL NGUYEN,

       Petitioner,

v.

ALBERTO GONZALEZ, Attorney General of the United States;
MICHAEL CHERTOFF, Secretary of the Department of Homeland Security;
MICHAEL GARCIA, Assistant Secretary for Immigration and Customs Enforcement, Department of Homeland Security;
DOUGLAS MAURER, Field Office Director, Office of Detention and Removal, Immigration and Customs Enforcement, Department of Homeland Security; and
J. ALEXANDER, Warden, Global Expertise Outsourcing Contract Detention Facility,

       Respondents.
_____

**ORDER DENYING PETITION AS MOOT AND CLOSING CASE**
_____

**THIS MATTER** is before the Court pursuant to the Petitioner's Petition for Writ of *Habeas Corpus* **(# 1)**, the Respondent's response **(# 17)**, and the Petitioner's traverse **(# 19)**; and the Respondents' Motion to Appoint Guardian *Ad Litem* **(# 9)**, and the petitioner's response **(# 18)**; and the Petitioner's Motion to Hold Oral Argument **(# 29)**; and the parties' June 2006 Status Reports **(# 30, 31)**.

The Petitioner is a citizen of Vietnam, and from 1980 until the events at issue here, was admitted to the United States as a lawful permanent resident. In April 2003, the Bureau of Immigration and Customs Enforcement ("BICE") commenced removal proceedings against the Petitioner and took the Petitioner into custody. However, difficulties arose in arranging the

1

Petitioner's repatriation to Vietnam, and at the time of the Petition, BICE conceded that the effectuation of the Petitioner's removal was not reasonably foreseeable.

In February 2004, a government-retained psychiatrist examined the Petitioner, and concluded that the Petitioner suffered from chronic undifferentiated schizophrenia. Consequently, BICE invoked the procedures of 8 C.F.R. § 241.14, in order to determine whether the Petitioner could continue to be detained on the grounds that he "would pose a special danger to the public" should he be released pending removal. BICE's request for continued detention of the Petitioner was heard by an Immigration Judge under 8 C.F.R. § 241.14(g), and on August 4, 2004, the Immigration Judge agreed that BICE had proven a justification for continued detention by clear and convincing evidence, as required by the regulation. 8 C.F.R. § 241.14(*i*)(1). That determination remains on appeal before the BIA.

The Petitioner filed the instant Petition **(# 1)** on July 15, 2005, alleging that his continued detention violates the principles set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001), notwithstanding BICE's designation of him as a danger to the public – a contention that he is still administratively appealing.

On June 14, 2006, the Respondents filed a Status Report **(# 30)** indicating that the Petitioner had been released from detention and delivered to the New Life Mission in Fayetteville, North Carolina. Counsel for the Petitioner filed a response **(# 31)** to this Status Report, raising questions about the lack of advance notice given to Petitioner's counsel prior to the transfer, the extent of the conditions accompanying the Petitioner's release, and the Petitioner's ability to understand those conditions, among other matters.

*Zadvydas* does not entitle an alien facing removal to an unconditional release from custody; indeed, the Supreme Court stated that "the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances." 533 U.S. at 700. The undisputed evidence is that the Petitioner has obtained all of the relief he would be entitled to under the Petition – namely, release from detention subject to supervision. To the extent that the Petitioner contends that the conditions of his release are inappropriate, or raises other complaints as to the circumstances, timing, or consequences of the Petitioner's release, such complaints fall outside the scope of the Petition here and must be pursued in an separate action.

Because it appears that the Petitioner has obtained all of the relief requested in the Petition, the Petition is **DENIED AS MOOT**. Consequently, the Respondents' Motion to Appoint Guardian *Ad Litem* **(# 9)** and the Petitioner's Motion to Hold Oral Argument **(# 29)** are also **DENIED AS MOOT**. The Clerk of the Court is directed to close this case.

Dated this 26th day of June, 2006

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge