IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01332-MSK

CANDAL NGUYEN,

       Petitioner,

v.

ALBERTO GONZALEZ, Attorney General of the United States;
MICHAEL CHERTOFF, Secretary of the Department of Homeland Security;
MICHAEL GARCIA, Assistant Secretary for Immigration and Customs Enforcement, Department of Homeland Security;
DOUGLAS MAURER, Field Office Director, Office of Detention and Removal, Immigration and Customs Enforcement, Department of Homeland Security; and
J. ALEXANDER, Warden, Global Expertise Outsourcing Contract Detention Facility,

       Respondents.
_____

**ORDER DENYING MOTION FOR RECONSIDERATION**
_____

       **THIS MATTER** comes before the Court pursuant to the Petitioner's Motion for Reconsideration **(# 34)**, the Respondents' response **(# 35)**, the Petitioner's reply **(# 37)**, and the subsequent Status Report **(# 41)** by the Petitioner.

       The Petitioner, an alien who was, at the time, subject to an Order of Removal, originally commenced this action seeking release from custody on the grounds that his removal was not foreseeable and that his continued detention, premised upon his posing a special danger to the public under 8 C.F.R. § 241.14, was unconstitutional. During the pendency of the action, the Petitioner was released from detention and delivered to a social service agency in North Carolina, although he remained subject to certain conditions of supervision. Finding that the Petitioner had

1

obtained the relief he sought – release from custody – this Court denied **(# 32)** the Petition as moot.

The Petitioner filed the instant Motion to Reconsider **(# 34)**, alleging that the matter was not moot because the conditions of supervision continued to present an unconstitutional restraint on the Petitioner's liberty. However, according to the Petitioner's Status Report **(# 41)**, during the pendency of the Motion to Reconsider, the Board of Immigration Appeals reopened the removal case against him and remanded the matter back to an Immigration Judge for further proceedings. The Immigration Judge then administratively closed the case without issuing a new removal order. Thus, at this point, the Petitioner is not subject to removal, and otherwise not subject to additional supervision by immigration authorities. The Petitioner's counsel states that she is attempting to work with the Government to resolve the issues of the Petitioner's placement, and, if successful, will withdraw the Motion for Reconsideration.

Whatever merit there may have been in either the Petitioner's original Petition or in the Motion for Reconsideration, it is clear that the issues to be resolved at present – if any there be – have transformed far beyond the matters presented in either filing. Any ruling by the Court on the issues presented in the Motion for Reconsideration would, at this point, appear to be purely advisory, given that the jurisdiction of the Respondents over the Petitioner is now subject to question. Rather than attempting to hit a moving target, the Court concludes that the preferable course of action is to deny the Motion for Reconsideration as moot, and allow the parties full

opportunity to freely discuss the Petitioner's current status. If the Petitioner remains aggrieved by the Respondents' actions, he is free to commence a new action that presents the legal and factual issues as they currently exist. Accordingly, the Motion for Reconsideration **(# 34)** is **DENIED AS MOOT**.

Dated this 23d day of March, 2007

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge